UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Julieth DURAN ROMERO, | Case No.: 26-cv-2151-AGS-JLB |
|---|---|
| Petitioner, | **ORDER GRANTING IFP REQUEST (ECF 2) AND DENYING HABEAS PETITION (ECF 1)** |
| v. | |
| DIRECTOR, OTAY MESA DETENTION CENTER, et al., | |
| Respondents. | |

Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2241 challenging her immigration detention, and she moves to proceed without paying the filing fee—known as proceeding *in forma pauperis* ("IFP"). Typically, parties seeking a writ of habeas corpus must pay a $5 filing fee. *See* 28 U.S.C. § 1914(a). But an action may proceed without payment if the court grants leave to proceed IFP. *See Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 765 (9th Cir. 2023) (holding that when an "IFP application is denied altogether, Plaintiff's case [cannot] proceed unless and until the fee[s] [a]re paid"). Petitioner claims to have "0.00" (ECF 2, at 1–2), so the IFP request is **GRANTED**.

On the merits, however, her petition is denied. Although an immigration judge ruled on her underlying case, petitioner appealed that decision and her case remains "pending" "before the Board of Immigration Appeals." (ECF 11, at 1; *see also* ECF 7-1, at 8.) So, her "order of removal" never became "administratively final." *See Johnson v. Guzman Chavez*, 594 U.S. 523, 533 (2021). Her new petition is thus not legally distinct from the one this Court already denied, *see Duran Romero v. LaRose*, 25-cv-3567-AGS-VET, ECF 7 (S.D. Cal. 2026), and the new petition is **DENIED** for the same reasons.

Dated:  May 28, 2026

_____
Hon. Andrew G. Schopler
United States District Judge

1

26-cv-2151-AGS-VET